

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/07

# MELITO & ADOLFSEN P.C.

**MEMO ENDORSED**

ATTORNEYS AT LAW

WOOLWORTH BUILDING
233 BROADWAY
NEW YORK, N.Y. 10279-0118

TELEPHONE (212) 238-8500
FAX (212) 238-8999

LOUIS G. ADOLFSEN
IGNATIUS JOHN MELITO
JOHN H. SOMOZA
DAVID M. POLLACK
STEVEN G. ADAMS

DWIGHT D. STEPHENS
BRADLEY S. FISCHER
STEVEN I. LEWBEL
ABE M. RYCHIK

COURTNEY J. BANNAN
DAVID DEPASQUALE
ROBERT D. ELY
LADE C. FELDMAN
REMI D. FLAISHMAN
ANDREW N. FLUGER

FRANCIS A. GARUFI
TANIA A. GONDIOSA
TERRY KRAVARIS
MATTHEW C. MANN
LINDA E. NAISH

* NJ BAR
◦ CT BAR
△ FL BAR ONLY

MELITO & ADOLFSEN
ONE EXCHANGE PLACE
SUITE 1000, PMB 1001
JERSEY CITY, N.J. 07302
TEL (201) 985-0011
FAX (201) 985-9656

MELITO & ADOLFSEN
THE 900 BUILDING
900 S.E. THIRD AVENUE
SUITE 203
FT. LAUDERDALE, FL 33316
TEL (954) 728-1280
FAX (954) 728-1282

August 1, 2007

**VIA FACSIMILE** (212) 805-7906
Honorable Judge Denny Chin
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Jean-Paul Fouchecourt v. Metropolitan Opera Association, Inc. et al.*
Civil Action No.: 07 Civ. 3778
Our File No.: 0743-190

Dear Honorable Judge Chin:

We represent defendant Metropolitan Opera Association, Inc, ("The Met") in the above matter. We write pursuant to your Honor's rules to request that a pre-motion conference be held to permit us to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The nature and bases for the motion are set forth below.

### Plaintiff's Action is Barred by New York's Worker's Compensation Law

According to ¶36 of his Complaint, plaintiff Jean-Paul Fouchecourt alleges that while "performing his duties upon the stage....at the Metropolitan Opera House....he was caused to fall from the upper platform portion of the set design and sustain 'serious and severe' personal injuries.."

At the time of the alleged accident, plaintiff was an independent contractor working for The Met as a performance artist and not under the employ of any other entity. According to the New York State Workers' Compensation Law, "...a person otherwise engaged in the performing arts...and is not stipulated to be an employee of another is covered by this chapter." See §2, Paragraph 4 of the New York State Workers' Compensation Law. The Met filed a workers' compensation claim on behalf of Mr. Fouchecourt and he has received worker's compensation benefits. Under §11 of the New York State Workers' Compensation Law, Mr. Fouchecourt's

*[Handwritten endorsement:]* A pre-motion conference will be held to discuss all proposed motions on 9/7/07 at 11am. Defendants' time to respond to the complaint is extended to a date to be set at the conference. SO ORDERED. 8/15/07 [signature] USDJ

Honorable Judge Denny Chin
United States District Court
Page 2 of 4

exclusive remedy against The Met is workers' compensation and plaintiff's suit is therefore legally barred.

Since plaintiff is a resident of France and the defendants are residents of the United States, diversity is present. As this case is a case in which diversity jurisdiction exists, New York State substantive law will apply. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

It is well settled that workers' compensation is the exclusive remedy to one who obtains such benefits. See §11 of The New York State Workers' Compensation Law. See also Quinlan v. Freeman Decorating Inc., 160 F. Supp.2d 681 (S.D.N.Y. 2001); O'Rourke v. Long, 41 N.Y.2d 219, 391 N.Y.S.2d 353, 359 N.E.2d 1347 (1976); Lane v. Fischer Park Lane, Co., 276 A.D.2d 136, 718 N.Y.S.2d 276 (1st Dept. 2000). Annexed for the Court's review is the C-2 Workers' Compensation Form submitted by The Met on behalf of Mr. Fouchecourt, pursuant to which he has and continues to receive worker's compensation benefits.

### Plaintiff's Fraud and Conspiracy Claims Fail as a Matter of Law

Additionally, plaintiff's causes of action against The Met for Fraud and Conspiracy must also be dismissed. To properly plead a cause of action for fraud, a plaintiff must allege misrepresentation of a material existing fact, falsity, scienter, deception and damages. See Kelly v. L.L. Cool J, Def Jam Music Records, Publishing, Inc., 145 F.R.D. 32 (S.D.N.Y. 1992) Knudsen v. Quebecor Printing, Inc., 792 F.Supp. 234 (S.D.N.Y. 1992) and Reiser v. Fitzmaurice, 1996 WL 54326 (S.D.N.Y.). Additionally, each element must be supported by factual allegations stated in sufficient detail to satisfy the requisites of Rule 9(b) of the Federal Rules of Civil Procedure. According to Rule 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity..."

Here, plaintiff merely sprinkles the word "fraud" at the end of his Complaint without any factual detail to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff's bald allegations, unsubstantiated by any facts that the fraud was in furtherance of some desire to "interfere with the plaintiff's legal rights" cannot serve to substitute for correct pleading each and every element necessary to assert a *prima facie* case of fraud against The Met. Additionally, Mr. Fouchecourt fails to plead with particularity the circumstances constituting the fraud or the alleged "injury" he suffered as result of the fraud

With respect to the plaintiff's claim of conspiracy against the defendant, it is well settled that it cannot stand alone without fraud as New York State does not recognize civil conspiracy as an independent tort. See Payday Advance Plus, Inc., v. Findwhat.com, Inc., 478 F. Supp.2d (S.D.N.Y.2007). Specifically, Courts have held that if the underlying tort (in this case fraud) has not been adequately plead, the claim of conspiracy will fail. Id. at 496. See also Criales v. American Airlines, Inc., 1999 WL 1487601 (E.D.N.Y.) and I.L.G.W. v. Nat'l Ret. Fund v. Cuddlecoat, Inc., 2004 WL 444071 (S.D.N.Y.).

Honorable Judge Denny Chin
United States District Court
Page 3 of 4

    It is respectfully requested that this Court schedule a pre-motion conference to discuss the above and to allow us the opportunity to put forth in greater detail the merits of our proposed motion to dismiss.

Respectfully submitted,

*[signature]*

Abe M. Rychik (8618)

Enclosure

cc: **Via Facsimile (212) 889-3978** (w/enclosure)
    Gerard A. Connolly, Jr., Esq.
    Budin, Resiman, Kupferberg & Bernstein, LLP
    *Attorneys for Plaintiff*
    112 Madison Avenue
    New York, New York 10016

    **Via Facsimile (516) 357-3158** (w/enclosure)
    Michael Troisi, Esq.
    Rifkin Radler, LLP
    *Attorneys for Defendant Hartford Fire Insurance Company*
    926 RexCorp Plaza
    Uniondale, New York 11556-0926

57479