# Exhibit A

METROPOLITAN OPERA ASSOCIATION, INC.　　　APPROVED AMERICAN GUILD OF MUSICAL ARTISTS, INC.
Lincoln Center, New York, NY 10023　　　　　　　　　1727 Broadway, New York, New York 10019-5214

## STANDARD PRINCIPAL'S CONTRACT (PER PERFORMANCE)
## SEASON 2005/2006

AGREEMENT dated April 4, 2002 made in the City, County and State of New York by and between METROPOLITAN OPERA ASSOCIATION, INC. (hereinafter called "Association"), having its Principal place of business at Metropolitan Opera House, Lincoln Center, New York, New York 10023 and **JEAN-PAUL FOUCHÉCOURT** (hereinafter called "Principal"), c/o Mr. Joel Thomas, Askonas Holt, Ltd., 27 Chancery Lane, London WC2A 1PF, UK.

WITNESSETH: In consideration of the mutual agreements herein contained, the parties agree as follows:

Association hereby engages Principal's services as singer on an individual performance basis and Principal agrees to render such services as follows:

**REHEARSAL WEEKS:**
Principal agrees to be available for four (4) rehearsal weeks:
　　from 10:00 AM August 29, 2005 through September 18, 2005
　　from 10:00 AM March 27, 2006 through April 2, 2006
and Principal shall receive therefore the applicable amount as stipulated in article VA of SECTION TWO of the collective bargaining agreement between AGMA and Association towards rehearsal expenses.

**PERIOD OF ENGAGEMENT:**
In the following periods:
　　from September 19, 2005 through October 22, 2005
　　from April 3, 2006 through April 8, 2006,
Association agrees to engage Principal for and Principal agrees to accept a minimum of thirteen (13) performances:
　　seven (7) of Bardolfo in FALSTAFF (in Italian)
　　six (6) of Guillot de Morfontaine in MANON (in French)
and four (4) covers:
　　two (2) of Bardolfo in FALSTAFF (in Italian)
　　two (2) of Guillot de Morfontaine in MANON (in French).

**COMPENSATION:**
Association agrees to pay and Principal agrees to accept the sum of SIX THOUSAND SEVEN HUNDRED FIFTY DOLLARS ($6,750) for each performance performed hereunder which performance shall include requisite rehearsals therefor. Any additional performances as agreed upon shall be compensated at the same fee.

Association further agrees to pay to Principal the sum of TWO THOUSAND TWO HUNDRED FIFTY DOLLARS ($2,250) for each covered performance. Should Principal be called upon to sing, Association agrees to pay Principal the additional sum of FOUR THOUSAND FIVE HUNDRED DOLLARS ($4,500) for each such sung performance.

**TRAVEL:**
Association will provide Principal with one (1) round trip economy class airfare, Paris, France/New York, in each of the aforementioned periods (for a total of two [2] airfares) if Principal is present there at the commencement of each period of this contract. Travel will be arranged at the minimum applicable airfare to be prorated with any other engagements en route. All travel arrangements will be made by Principal unless arranged otherwise with Association. If Association arranges travel and Principal does not accept such travel arrangements, Principal shall be responsible for all additional costs, if any.

Association agrees to reimburse Principal towards living expenses in New York up to the amount of TWELVE THOUSAND SEVEN HUNDRED FIFTY DOLLARS ($12,750) during the period(s) Principal is under contract to Association, to wit August 29, 2005 through October 22, 2005 and March 27, 2006 through April 8, 2006. Reimbursement for such living expenses will be made by Association to Principal at the end of each week during the period Principal is performing/covering for Association. In connection with such reimbursement, Principal shall furnish Association such records of expenses as may be reasonably required by Association to substantiate such expenses. In order to fulfill the rehearsal and service requirements under this contract, Principal agrees to reside in New York for a minimum average of four (4) days for each service contracted for hereunder. In the event that Principal shall fail to perform any such contracted service, then the aforesaid allowance for living expenses shall be reduced by SEVEN HUNDRED FIFTY DOLLARS ($750) for each service in which Principal shall fail to appear. Such reduction shall be in addition to any other rights and remedies Association may have under this contract.

**PRINCIPAL'S WARRANTY AND AUTHORIZATION FOR DEDUCTIONS:**
Principal hereby warrants that he/she is a member of AGMA in good standing and will remain so for the duration of this contract. Principal hereby authorizes and directs Association to deduct from his/her wages/pay any dues payable by him/her to AGMA as AGMA may instruct Association. This authorization and direction is irrevocable for a period of one year from the date hereof or for the period of the current collective bargaining agreement in effect between AGMA and Association, whichever is sooner. Thereafter, this authorization and direction shall be automatically renewed and irrevocable for each successive one-year period or until termination of the then current collective bargaining agreement, whichever is sooner, unless revoked by Principal by sending written notice that he/she wishes to revoke all or part of it to AGMA and Association by registered mail. To be effective, such notice of revocation must be sent not more than thirty (30) days and not less than fifteen (15) days prior to the expiration of the collective bargaining agreement or the then current one-year period, whichever is sooner. Any such revocation shall become effective the first day of the calendar month following its receipt by Association.

**OTHER TERMS:**
Principal shall not disclose and will instruct his/her management not to disclose to the press or otherwise any information pertaining to this engagement until such time as Association shall agree to issue a public announcement of such engagement.

This agreement is subject to and includes all the terms and conditions contained in the collective bargaining agreement between AGMA and Association.

　　　　　　　　　　　　　　　(over)　　　　APR 10 2002

The indisposition of Principal shall be immediately reported to the Artistic Administration by written notice. Association may require Principal to produce a doctor's certificate within twenty-four (24) hours after notification of illness. Association may require Principal to submit to examination by a doctor designated and paid by Association.

Piano scores and singing parts that are the property of Association must be kept in good condition and returned when not required and, in any event, before the end of the season. Each Principal borrowing any piano scores or singing parts from Association may be required to furnish a deposit of fifty dollars ($50) which will be returned when such material has been restored in good condition to Association's library.

If Association shall in its discretion agree to permit Principal to use costumes which are the property of Association for performances other than those given by Association, it shall do so without compensation therefor from Principal, provided however that Principal shall be required to return any such costume cleaned and in the same condition, reasonable wear excepted.

Association shall be required to assume the expense of one (1) round trip railroad or airfare at Association's election, for each Principal engaged for the road tour or other trips away from the City of New York, provided that if Principal is engaged for non-consecutive weeks or per performance, Association will pay Principal's fare from the place of Principal's last required performance for Association to such place as Principal may elect and Principal's return fare from such point as Principal may elect to the place of Principal's next required performance provided, however, that the total of any such fares shall not exceed the fare from the place of Principal's last required performance to the City of New York and return to the place of Principal's next required performance.

It is specifically agreed and understood that nothing contained in this agreement shall constitute Association the employer of Principal or Principal its employee.

This agreement shall be governed by and construed in accordance with the laws of the State of New York and shall not be modified or discharged except by a writing executed by Association and Principal and only so long as the terms of the modification are not less favorable to Principal than as provided in the collective bargaining agreement between Association and AGMA.

This agreement shall not be binding upon Association in any respect, and Association reserves the right to withdraw its offer, unless and until it is signed below by Principal and returned back to Association which must be no later than June 4, 2002. If Association does not receive it by said date, the offer shall be null and void unless reinstated by Association in writing.

IN WITNESS WHEREOF, this contract has been executed by the parties as of the date first above written.

METROPOLITAN OPERA ASSOCIATION, INC.

Phone Number:
Social Security Number:

04/08/2002

Signature of Principal

By: _____
General Manager

THE METROPOLITAN OPERA                                    SEASON 2005-2006

## AMENDMENT TO CONTRACT DATED APRIL 4, 2002

AGREEMENT dated May 25, 2005 made in the City, County and State of New York by and between THE METROPOLITAN OPERA ("The Met"), having its principal place of business at Metropolitan Opera House, Lincoln Center, New York, New York 10023 and **JEAN-PAUL FOUCHÉCOURT** ("Principal"), c/o Mr. Joel Thomas, Askonas Holt, Ltd., 27 Chancery Lane, London WC2A 1PF, United Kingdom.

WITNESSETH: In consideration of the mutual agreements herein contained, the parties agree as follows:

The Met and Principal agree that Principal shall add to the engagement two (2) performances:
   one (1) of Bardolfo in FALSTAFF (in Italian)
   one (1) of Guillot de Morfontaine in MANON (in French)
bringing Principal's total number of scheduled performances to fifteen (15).

The Met and Principal agree that Principal shall delete from the engagement three (3) covered performances:
   two (2) of Bardolfo in FALSTAFF (in Italian)
   one (1) of Guillot de Morfontaine in MANON (in French)
bringing Principal's total number of scheduled covered performances to one (1).

**COMPENSATION:**
The Met and Principal agree that The Met shall delete from Principal's allowance towards living expenses in New York the sum of SEVEN HUNDRED DOLLARS ($750), bringing Principal's total per diem amount to TWELVE THOUSAND DOLLARS ($12,000).

All other terms and conditions as set forth in our contract dated April 4, 2002 and any amendments or addenda thereto shall remain unchanged.

This offer of agreement shall not be binding upon The Met and The Met reserves the right to withdraw this offer unless it is signed by Principal and returned to The Met no later than July 25, 2005. If The Met does not receive the signed agreement by said date then The Met shall have the right to notify Principal of withdrawal of this offer by written notice sent to Principal at any time.

If the foregoing is in accordance with your understanding, please signify your acceptance by signing on the space provided below and return all copies of this agreement to the Metropolitan Opera for countersignature. A completely executed copy will be sent to you for your files.

IN WITNESS WHEREOF, this contract has been executed by the parties as of the date first above written.

THE METROPOLITAN OPERA

Phone Number:
Social Security Number:

Signature of Principal    Date  06/11/2005

By: _____
General Manager

JUN 27 2005