# Exhibit B

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

Jean-Paul Fouchecourt, pltf
v.

Metropolitan Opera Association, INC.,
FRANCO ZEFFIRELLI and HARTFORD
FIRE INSURANCE COMPANY, defts.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**'07 CIV 3778
JUDGE CHIN**

TO: (Name and address of defendant)

Metropolitan Opera Association, INC.
Lincoln Center
New York, NY 10023

Franco ZEFFIRELLI
8936 Thrasher Avenue
Los Angeles, CA 90069

Hartford FIR
Insurance compa
P.O. Box 4771
300 South stat.
Syracuse, NY 132

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BUDIN, REISMAN, KUPFERBERG &
BERNSTEIN, LLP
112 MADISON AVENUE
NEW YORK, NEW YORK 10016
212-696-5500 FAX: 212-889-3978

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_Marcos Quintero_

(BY) DEPUTY CLERK

MAY 1 4 2007

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE CHIN**

-------------------------------------------------------------------X

JEAN-PAUL FOUCHECOURT,

COMPLAINT
AND JURY DEMAND

                                    Plaintiff,

-against-

**07 CIV 3778**

METROPOLITAN OPERA ASSOCIATION, INC.,
FRANCO ZEFFIRELLI and HARTFORD FIRE
INSURANCE COMPANY,

PLAINTIFF DEMANDS
A TRIAL BY JURY

                                    Defendants.

**RECEIVED**
**MAY 14 2007**
**U.S.D.C. S.D. N.Y.**
**CASHIERS**

-------------------------------------------------------------------X

Plaintiff, JEAN-PAUL FOUCHECOURT, by his attorneys, BUDIN, REISMAN,

KUPFERBERG & BERNSTEIN, LLP, complaining of the defendants herein, respectfully shows to

this Court and alleges:

## JURISDICTION

1.   That at all times hereinafter mentioned, plaintiff was not a citizen of the United

States of America.

2.   That at all times hereinafter mentioned, plaintiff was a resident of France.

3.   Upon information and belief, that at all of the times hereinafter mentioned,

defendant METROPOLITAN OPERA ASSOCIATION, INC. was and still is, a corporation

organized and existing under the laws of the State of New York.

4.   Upon information and belief, that at all of the times hereinafter mentioned,

defendant, FRANCO ZEFFIRELLI, was a resident of the State of California.

5.   Upon information and belief, that at all of the times hereinafter mentioned,

HARTFORD FIRE INSURANCE COMPANY, did business within the State of New York and

maintained offices at 300 S. State Street, Syracuse, New York, 13202.

6.   That this Honorable Court has jurisdiction of the subject matter of this action

pursuant to 28 U.S.C. 1332(2), by reason of the fact that it is predicated upon claims where there is

diversity of citizenship between Plaintiff and Defendants and upon the fact that this is an action for

an amount in excess of SEVENTY-FIVE THOUSAND and 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

VENUE

7.  Pursuant to 28 U.S.C. § 1391(a)(2), Venue lies in the Southern District of New York because:

> That judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

CLAIM FOR RELIEF against METROPOLITAN OPERA ASSOCIATION INC. and against FRANCO ZEFFIRELLI

8.  Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, METROPOLITAN OPERA ASSOCIATION, INC., was the owner of premises known as the Metropolitan Opera House located at Lincoln Center, in the City, County and State of New York.

9.  Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, METROPOLITAN OPERA ASSOCIATION, INC., operated the aforesaid premises.

10.  Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATION, INC. managed the aforesaid premises.

11.  Upon information and belief, that at all of the times and places hereinafter mentioned, the aforesaid premises was under the control of the defendant METROPOLITAN OPERA ASSOCIATION, INC.

12.  Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATION, INC., its agents, servants and/or employees maintained the aforesaid premises.

13. Upon information and belief, that at all of the times and places hereinafter mentioned, it was the duty of the defendant METROPOLITAN OPERA ASSOCIATION, INC., its agents, servants and/or employees, to keep the aforesaid premises in a safe and proper manner.

14. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant FRANCO ZEFFIRELLI produced a certain opera at the aforesaid premises known as "Falstaff", by Giuseppe Verdi.

15. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATION, INC. produced a certain opera at the aforesaid premises known as "Falstaff", by Giuseppe Verdi.

16. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant FRANCO ZEFFIRELLI produced the aforesaid opera on behalf of the defendant METROPOLITAN OPERA ASSOCATION, INC.

17. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCATION, INC. produced the aforesaid opera on behalf of the defendant FRANCO ZEFFIRELLI.

18. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant FRANCO ZEFFIRELLI was in charge of set design for the aforesaid opera production.

19. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATON, INC. was in charge of set design for the aforesaid opera production.

20. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant FRANCO ZEFFIRELLI created the set design for the aforesaid opera production.

21. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATON, INC. created the set design for the aforesaid opera production.

3

22. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant FRANCO ZEFFIRELLI implemented the set design for the aforesaid opera production.

23. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATON, INC. implemented the set design for the aforesaid opera production.

24. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant FRANCO ZEFFIRELLI maintained the set for the aforesaid opera production.

25. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATON, INC. maintained the set for the aforesaid opera production.

26. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant FRANCO ZEFFIRELLI managed the set for the aforesaid opera production.

27. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATON, INC. managed the set for the aforesaid opera production.

28. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant FRANCO ZEFFIRELLI supervised the set for the aforesaid opera production.

29. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant METROPOLITAN OPERA ASSOCIATON, INC. supervised the set for the aforesaid opera production.

30. Upon information and belief, that at all of the times and places hereinafter mentioned, it was the duty of the defendant FRANCO ZEFFIRELLI to undertake and keep the aforesaid opera production in a safe and proper manner.

31. Upon information and belief, that at all of the times and places hereinafter mentioned, it was the duty of the defendant METROPOLITAN OPERA ASSOCIATION, INC. to undertake and keep the aforesaid opera production in a safe and proper manner.

32. Upon information and belief, that at all of the times and places hereinafter mentioned, it was the duty of the defendant FRANCO ZEFFIRELLI to design, undertake and keep the set for the aforesaid opera production in a safe and proper manner.

33. Upon information and belief, that at all of the times and places hereinafter mentioned, it was the duty of the defendant METROPOLITAN OPERA ASSOCIATION, INC. to design, undertake and keep the set for the aforesaid opera production in a safe and proper manner.

34. Upon information and belief, that at all of the times and places hereinafter mentioned, plaintiff entered into a contract with the defendant FRANCO ZEFFIRELLI to perform as a Principal in the aforesaid opera production.

35. Upon information and belief, that at all of the times and places hereinafter mentioned, plaintiff entered into a contract with the defendant METROPOLITAN OPERA ASSOCIATION, INC. to perform as a Principal in the aforesaid opera production.

36. That on or about October 22, 2005, while plaintiff was performing his duties upon the stage at premises known as the Metropolitan Opera House located at Lincoln Center, in the City, County and State of New York, he was caused to fall from the upper platform portion of the set design and sustain serious and severe personal injuries as a result of the defendants' negligence.

37. The above mentioned occurrence and the results thereof were caused by the negligence, carelessness and recklessness of the defendants, their agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises, and more particularly, the aforesaid stage set and and set design at the aforesaid premises; in causing, allowing and permitting aforesaid stage and set and set design at the place above-mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a irregular, defective, dangerous, hazardous and/or unsafe condition; in that they caused, allowed

5

and permitted the implementation of a set design that was dangerous and unsafe for the persons performing on stage, including this plaintiff; in failing to provide proper and adequate protection for persons performing on the stage including this plaintiff; in that they designed, caused, allowed and/or permitted the upper platform portion of the set to be and remain in a dangerous condition and to contain only a painted curtain as the background; in failing to put a railing, wall and/or proper protection on the upper platform portion of the set to prevent a fall such as the one complained of herein; in causing, allowing and permitting a trap to exist at said location; in failing to design and maintain the aforesaid stage and set in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons performing on the stage including this plaintiff; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the aforesaid stage and/or set to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said stage and/or set; and in being otherwise negligent and careless; in producing said opera without proper regard for the unsafe condition of the set.

38. That the defendants, their agents, servants and/or employees knew or in the exercise of reasonable care could and should have known of the irregular, defective, dangerous, hazardous and unsafe condition of the aforesaid stage and/or set.

39. That as a result of the negligence of the defendants, their agents, servants and/or employees, plaintiff sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his said injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings thereby; and he

was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his said injuries, and has incurred obligations therefor.

40. That as a result of the foregoing, plaintiff has been damaged in a sum exceeding the jurisdictional requirements of this Court.

### CLAIMS FOR RELIEF against HARTFORD FIRE INSURANCE COMPANY and FURTHER CLAIMS FOR RELIEF against METROPOLITAN OPERA ASSOCIATION INC.

41. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 40 as if more fully set forth herein.

42. Upon information and belief, that at some time before October 22, 2005, defendant, HARTFORD FIRE INSURANCE COMPANY, issued and thereafter maintained a policy of insurance to defendant, METROPOLITAN OPERA ASSOCIATION INC., providing insurance against claims made by employees of defendant, METROPOLITAN OPERA ASSOCIATION INC., arising out of workplace injuries.

43. Upon information and belief, that on or about October 22, 2005, plaintiff, JEAN-PAUL FOUCHECOURT, was an outside contractor of the defendant, METROPOLITAN OPERA ASSOCIATION INC., pursuant to a written contract.

44. Upon information and belief, that at all of the times and places hereinafter mentioned, by its terms, the contract by which the defendant, METROPOLITAN OPERA ASSOCIATION INC., retained the services of plaintiff, JEAN-PAUL FOUCHECOURT, for the aforementioned production of "Falstaff" set forth that the METROPOLITAN OPERA ASSOCIATION INC. was not the employer of the plaintiff, nor was the plaintiff an employee of the METROPOLITAN OPERA ASSOCIATION INC. at all relevant times including the time that the plaintiff was injured.

45. Upon information and belief, that at the time that the plaintiff was injured, the plaintiff was not an employee of the defendants.

46. Upon information and belief, that at some time after October 22, 2005, the defendant, METROPOLITAN OPERA ASSOCIATION INC., filed a Worker's Compensation claim on behalf of plaintiff, JEAN-PAUL FOUCHECOURT.

47. Upon information and belief, that some time after October 22, 2005, the defendant HARTFORD FIRE INSURANCE COMPANY filed a Worker's Compensation claim on behalf of plaintiff, JEAN-PAUL FOUCHECOURT.

48. Upon information and belief, that at or about the time said Worker's Compensation claim was filed, the plaintiff was advised by defendant, METROPOLITAN OPERA ASSOCIATION INC., that his status as an "employee" foreclosed any right of action against defendant, METROPOLITAN OPERA ASSOCIATION INC., upon the claims herein asserted.

49. Upon information and belief, that at or about the time said Worker's Compensation claim was filed, the plaintiff was advised by defendant, HARTFORD FIRE INSURANCE COMPANY, that his status as an "employee" foreclosed any right of action against defendant, METROPOLITAN OPERA ASSOCIATION INC., upon the claims herein asserted.

50. Upon information and belief, that at the aforementioned time and place, the plaintiff was not an employee of METROPOLITAN OPERA ASSOCIATION INC., and not subject to Worker's Compensation laws and rules.

51. Upon information and belief, that at the aforementioned time and place, the plaintiff was not a Workers' Compensation insured of HARTFORD FIRE INSURANCE COMPANY and not insured under its policy of Workers' Compensation insurance.

52. That advice given to the plaintiff by defendant, METROPOLITAN OPERA ASSOCIATION INC., and defendant, HARTFORD FIRE INSURANCE COMPANY, operated as a fraud intended to interfere with the plaintiff's legal rights as concerns the aforementioned incident.

53. That the filing of a Worker's Compensation claim on behalf of plaintiff, JEAN-PAUL FOUCHECOURT, was a fraud upon the plaintiff, JEAN-PAUL FOUCHECOURT, which deprived him of rights of action against METROPOLITAN OPERA ASSOCIATION INC.

54. That defendant, METROPOLITAN OPERA ASSOCIATION INC., and defendant, HARTFORD FIRE INSURANCE COMPANY, conspired to deprive the plaintiff of his rights of action against METROPOLITAN OPERA ASSOCIATION INC. with respect to the injuries sustained in the aforementioned incident.

55. That defendant, METROPOLITAN OPERA ASSOCIATION INC., and defendant, HARTFORD FIRE INSURANCE COMPANY, as a result of the foregoing, are liable in damages to the plaintiff for fraud and civil conspiracy in a sum exceeding the jurisdictional requirements of this Court.

WHEREFORE, plaintiff demands judgment against the defendants in a sum exceeding the jurisdictional limit of this Court; together with interest, and the costs and disbursements of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON THE CAUSES OF ACTION HEREIN.

Dated: New York, New York
       February 22, 2007

Yours, etc.

BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP

BY: GERARD A. CONNOLLY, ESQ.
Attorney Bar Code No. GC0247
Admitted on May 21, 1981
Attorneys for Plaintiff
112 Madison Avenue
New York New York  10016-7416
Our File No. Y8228(db)
(212) 696-5500

9