UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JEAN-PAUL FOUCHECOURT,                                   Civ No.: 07 CIV 3778 (DC)

                                        Plaintiff,

-against-


METROPOLITAN OPERA ASSOCIATION, INC.,
FRANCO ZEFFIRELLI and HARTFORD FIRE
INSURANCE COMPANY,
                                Defendants.
-----------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF METROPOLITAN OPERA ASSOCIATION, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Melito & Adolfsen P.C.
233 Broadway
New York, NY 10279
(212) 238-8900

Abe M. Rychik, Esq.
Andrew N. Fluger, Esq.
Of Counsel

## TABLE OF CONTENTS

PRELIMINARY STATEMENT………………………………………………………………..2

STATEMENT OF
MATERIAL FACTS……………………………………………………………..……………..2

POINT I

DISMISSAL OF PLAINTIFF'S COMPLAINT IS APPROPRIATE
GIVEN THE FACTS AS SET FORTH ABOVE……………………………………………...3

POINT II

NEW YORK SUBSTANTIVE LAW WILL APPLY…………………………………………..4

POINT III

PLAINTIFF IS A COVERED PERSON UNDER
THE WORKERS' COMPENSATION LAW………………… …………………………….4

POINT IV

THE PERFORMANCE CONTRACT MUST BE INTERPRETED
IN ACCORDANCE WITH §2 OF THE WORKERS' COMPENSATION
LAW……………………………………………………………………………………………9

CONCLUSION………………………………………………………………………………..11

# TABLE OF AUTHORITIES

Care v. Environmental Corp. v. M2 Technologies, Inc., 2006 WL 148913 (E.D.N.Y. 2006)..........3

Claim of Desmarais, 234 A.D.2d 839, 651 N.Y.S.2d 243 (3rd Dept. 1996)............................9

Conde v. Yeshiva University, 16 A.D.3d 185, 792 N.Y.S.2d 387 (1st Dept. 2005)....................8

Conley v. Gibson, 335 U.S. 41, 45-46 (1957).................................................................3

Diaz v. Rosbrock Associates Ltd. Partnership, 298 A.D.2d 547, 749 N.Y.S.2d 46 (2nd Dept. 2002)..................................................................................................8

Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996)..................................................................................................4

Greco v. Staten Island University Hosp., 2000 WL 804634 (E.D.N.Y. 2000).........................8

Hastings v. Trinity Broadcasting of New York, Inc., 130 F.Supp.2d 575 (S.D.N.Y. 2001)..........8

Lane v. Fischer Park Lane, Co., 276 A.D.2d 136, 718 N.Y.S.2d 276 (1st Dept. 2000)...............8

Matter of Green [Levine], 37 N.Y.2d 554, 376 N.Y.S.2f 75, 338 N.E.2d 594 (1975)................9

Mondello v. Dun & Bradstreet Corp., 1995 WL 495474 (S.D.N.Y. 1995)............................8

O'Rourke v. Long, 41 N.Y.2d 219, 391 N.Y.S.2d 353, 359 N.E.2d 1347 (1976).....................8

Quinlan v. Freeman Decorating Inc., 160 F.Supp.2d 681 (S.D.N.Y. 2001)...........................8

Scott v. McCarthy, 2007 WL 1345487 (N.D.N.Y. 2007).................................................3

Sullivan v. Newburgh Enlarged School Dist., 281 F.Supp.2d 689 (S.D.N.Y. 2003)..................9

Smith v. AVSC Int'l, Inc., 148 F.Supp.2d 302, 307 (S.D.N.Y. 2001)...................................3

Workers' Compensation Law §2...............................................................................4

Workers' Compensation Law §11..............................................................................7

Workers' Compensation Law §29(6)..........................................................................7

60136

## PRELIMINARY STATEMENT

Defendant Metropolitan Opera Association, Inc., ("The Met") respectfully submits this Memorandum of Law in support of its Fed.R.Civ.P. 12(b)(6) Motion to Dismiss.

As is more fully set forth below, plaintiff Jean-Paul Fouchecourt's action against The Met should be dismissed as he is a "covered person" under New York State's Workers' Compensation Law, has received and continues to receive workers' compensation benefits and therefore cannot maintain a claim against his employer. Plaintiff's action is barred by the exclusivity provisions of §11 and §29(c) of the New York State Workers' Compensation Law.

## STATEMENT OF MATERIAL FACTS

Plaintiff Jean-Paul Fouchecourt, was hired to perform as a singer during the periods of engagement pursuant to a "Standard Principal's Contract" ("Per Performance") for the 2005/2006 opera season at The Met pursuant to an agreement dated April 4, 2002. Annexed hereto as **Exhibit "A"** to the Affidavit in Support of Abe M. Rychik of Melito & Adolfsen P.C. (hereinafter "Rychik Affidavit") is a true and accurate copy of the contract entered into between The Met and Mr. Fouchecourt as well as an "Amendment To Contract" dated May 25, 2005 in which two performances were added and three were deleted.

According to plaintiff's complaint, Mr. Fouchecourt was performing his duties upon the stage at The Metropolitan House when "he was caused to fall from the upper platform portion of the set design and sustained 'serious and severe' personal injuries..." A copy of plaintiff's Complaint is annexed hereto as **Exhibit "B"** to the Rychik Affidavit.

Counsel for the plaintiff has agreed to withdraw his claims of Fraud and Conspiracy (plaintiff's "Further Claim for Relief" paragraph #'s 41-55) against The Met. Annexed as

2

**Exhibit "C"** to Rychik Affidavit is plaintiff's executed Stipulation of Discontinuance. This only cause of action remaining against The Met is based upon principles of negligence.

Annexed to the Rychik Affidavit as **Exhibit "D"** is a copy of the C-2 Workers' Compensation Form submitted by The Met for Mr. Fouchecourt. As a "covered person" pursuant to §2, The Met submitted a claim to the Workers' Compensation Board on Mr. Fouchecourt's behalf. A review of the C-2 form shows that Mr. Fouchecourt was listed as an employee of The Met for the purposes of his workers' compensation claim.

Annexed to the Rychik Affidavit as **Exhibit "E"** is a copy of the Governor's Bill Jacket for the Amendment to the Workers' Compensation Law establishing performing artists and musicians as covered persons.

## POINT I

### DISMISSAL OF PLAINTIFF'S COMPLAINT IS APPROPRIATE GIVEN THE FACTS AS SET FORTH ABOVE

A dismissal under Rule 12(b)(6) is a determination that the plaintiff has failed to state a claim upon which relief may be granted. See Scott v. McCarthy, 2007 WL 1345487 (N.D.N.Y. 2007). A Complaint should be dismissed if the Court finds that the plaintiff's claims are barred as a matter of law. Care Environmental Corp v. M2 Technologies, Inc., 2006 WL 148913 (E.D.N.Y. 2006).

Specifically, an action will be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Smith v. AVSC Int'l, Inc., 148 F. Supp. 2d 302, 307 (S.D.N.Y. 2001) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Here, as plaintiff's claims are barred by the Workers' Compensation Law, he

cannot prove any set of facts which would allow him to maintain his action, and as such, plaintiff's Complaint must be dismissed.

## POINT II

### NEW YORK SUBSTANTIVE LAW WILL APPLY

Since plaintiff is a resident of France and the defendants are residents of the United States, diversity is present (**Exh. "B"**). As this is a case in which diversity jurisdiction exists, New York State substantive law will apply. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

As set forth below, New York State's Workers' Compensation Law was amended to include performing artists and musicians as covered persons. Therefore, according to §2 of New York's Workers' Compensation Law, plaintiff cannot maintain his action for negligence against The Met and The Met's Motion to Dismiss must be granted.

## POINT III

### PLAINTIFF IS A COVERED PERSON UNDER THE WORKERS' COMPENSATION LAW

**A.   §2, Paragraph 4 of the Workers' Compensation Law was amended to include performing artists and musicians as covered persons**

According to §2, Paragraph 4 of the New York State Workers' Compensation Law, "…a person otherwise engaged in the performing arts…and is not stipulated to be an employee of another is covered by this chapter."

Section 2 of the New York State Workers' Compensation Law was amended in 1986 to extend workers' compensation coverage to musicians and performing artists such as Mr. Fouchecourt. Annexed as **Exhibit "E"** to the Rychik Affidavit is the Governor's Bill Jacket

outlining the amendment to the above Section, which provides the legislative history and intent behind the amendment.[1]

As an amendment to §2, Paragraph 4 of the Workers' Compensation Law was sponsored by State Senator James J. Lack on March 12, 1986 (**Exh. "E"**, P. 3). As expressed, the purpose of the amendment was to "amend the labor law and the workers' compensation law, in relation to musicians and artists, qualified real estate agents and coverage of owners and operators of taxicabs" (Id.).

In a Memorandum to the counsel for then Governor Mario Cuomo, Senator Lack stated that the intent of amending the Workers' Compensation Law was to "extend coverage for on-the-job injuries to musicians, persons in the performing arts and taxi drivers" (Id. at P. 5). As a result, the proposed amendment received overwhelming support in the New York State Senate (Id. at pp 3,4).

Similarly, the proposed amendment, received significant support in the New York State Assembly. In writing to the counsel to Former Governor Cuomo, Assemblyman Roger Robach extolled the virtues of the proposed amendment stating that passage of the amendment would allow musicians and performing artists such as the plaintiff to be eligible for workers' compensation benefits (Id at P.7). Assemblyman Robach explained that without the amendment, the aforementioned performers would be forced to litigate in order to be "awarded their due benefits" (Id.).

Of significance, the amendment was also supported by the New York State Workers' Compensation Board. In a letter to the counsel for Former Governor Cuomo, Gladys Carrion, General Counsel for the Workers' Compensation Board emphasized that the amendment would

---

[1] The statute can be referenced by L. 1986, C. 930. For the Court's convenience, the Governor's Bill Jacket has been bate stamped and will be referenced as "Exh. "E", P.____."

5

extend coverage to <u>all</u> musicians and performing artists (<u>Id.</u> at P. 27). Further, the Governor's Office of Employee Relations in supporting the proposed measure indicated that "it is the intent of this legislation to specifically include professional musicians and performing artists in the Workers' Compensation Law and Labor Law, thereby making them eligible for workers' compensation…" (<u>Id</u> at P. 29).

In a Support Memorandum, the New York State AFL-CIO commented that "this bill would provide that employers could <u>not</u> evade the intent of the Labor Law by treating musicians and performers as independent contractors when they are really <u>employees</u>…" (<u>Id.</u> at P. 50). The legislation clearly defined taxi drivers, musicians and performing artists as employees, <u>not</u> independent contractors so long as they were not "stipulated" to be employees of another entity.

Finally, this legislation was supported by the Associated Musicians of Greater New York (<u>Id.</u> at P. 70). In a letter to Governor Cuomo, on July 31, 1986, John Glasel, President of the Associated Musicians of Greater New York urged passage of the proposed legislation. According to Mr. Glasel, the bill would "define our professional musician members and other workers in the performing arts as employees for the purpose of workers' compensation and unemployment and disability benefits." Mr. Glasel went onto write that "the passage of this bill would end the inequity under which our members have been suffering at times when they can least afford it" (<u>Id.</u>).

Based upon the above, it is clear that the purpose of the amendment to §2 was to provide workers' compensation protection to all performing artists, such as the plaintiff Jean Paul Fouchecourt so long as they were not "stipulated" to be an employee of another.

As Mr. Fouchecourt was a performing artist (a singer) for The Met at the time of his alleged accident and was <u>not</u> "stipulated" to be an employee of another (<u>see</u> **Exhibit "A"**) he is a

"covered person" under §2 of the New York State Workers' Compensation Law. In filing a workers' compensation claim, on Mr. Fouchecourt's behalf, The Met was therefore following its obligation under the law and cannot be held liable as a result for plaintiff's accident. Plaintiff's Complaint must be dismissed.

**B.     As Plaintiff is a "covered person" under the Workers' Compensation Law, his claim is barred by the exclusivity provisions of §11 and §29(6)**

It is well settled that workers' compensation is the exclusive remedy to one who obtains such benefits. As Mr. Fouchecourt has and continues to receive workers' compensation benefits, his claim against The Met is barred by the exclusivity provisions of §11 and §29(6) of the New York State Workers' Compensation Law.

New York Workers' Compensation Law §11 states in part:

> "An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" which shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability."

New York Workers' Compensation Law §29(6) states in pertinent part:

> "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his or her dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ…"

7

It is well settled that a plaintiff cannot initiate any claims against his employer, as Workers' Compensation provides the exclusive remedy to plaintiff. See <u>O'Rourke v. Long</u>, 41 N.Y.2d 219, 391 N.Y.S.2d 353, 359 N.E.2d 1347 (1976); <u>Lane v. Fischer Park Lane, Co.</u>, 276 A.D.2d 136, 718 N.Y.S.2d 276 (1st Dept. 2000) and <u>Quinlan v. Freeman Decorating Inc.</u>, 160 F.Supp.2d 681 (S.D.N.Y. 2001).

The purpose of exclusivity of remedy provided by the New York State Workers' Compensation Law is to foreclose the possibility of duplicative recoveries. <u>Hastings v. Trinity Broadcasting of New York, Inc.</u>, 130 F.Supp.2d 575 (S.D.N.Y. 2001).

In <u>Mondello v. Dun & Bradstreet Corp.</u>, 1995 WL 495474 (S.D.N.Y. 1995), plaintiff sustained injury when she was hit by one of her co-employees in the course of preparing a video tape of a boxing skit to promote a "White Knock-Out Ad" sales campaign for the benefit of her employer Reuben H. Donnelley, a subsidiary of Dun & Bradstreet Corp. In dismissing plaintiff's Complaint against her employer, the Court held that §11 and §29(6) of the Workers' Compensation Law precluded the plaintiff from maintaining her common law claims to recover for injuries for which she accepted and retained workers' compensation benefits. See also <u>Diaz v. Rosbrock Associates Ltd. Partnership</u>, 298 A.D.2d 547, 749 N.Y.S.2d 46 (2nd Dept. 2002).

Similarly, in <u>Greco v. Staten Island University Hosp.</u>, 2000 WL 804634 (E.D.N.Y. 2000), plaintiff commenced an action against his employer for injuries he sustained during his employment in the hospital's radiology department. In dismissing plaintiff's Complaint, the Court held that since plaintiff accepted and received workers' compensation benefits, he could not then also maintain a cause of action against his employer. <u>Id.</u>; See also <u>Conde v. Yeshiva University</u>, 16 A.D.3d. 185, 792 N.Y.S.2d 387 (1st Dept. 2005) (exclusivity of workers' compensation law barred suit by employee for negligent hiring and retention against employer

that provided workers' compensation coverage) and <u>Sullivan v. Newburgh Enlarged School Dist.</u>, 281 F.Supp.2d 689 (S.D.N.Y. 2003) (New York State's Workers' Compensation Law provides the exclusive remedy for negligence claims against an employer).

Here plaintiff has commenced a cause of action against The Met on the remaining grounds of common law negligence (**Exh. "B"** at ¶36). Plaintiff is a "covered employee" under §2 of the New York State Workers' Compensation Law. As The Met filed a workers' compensation claim on behalf of Mr. Fouchecourt, as it was obligated to do and plaintiff has received and continues to receive workers' compensation benefits and has not sustained a "grave injury," plaintiff's action against The Met is barred by the New York State Workers' Compensation Law and plaintiff's Complaint must be dismissed.

## POINT IV

### THE PERFORMANCE CONTRACT MUST BE INTERPRETED IN ACCORDANCE WITH §2 OF THE WORKERS' COMPENSATION LAW

The Courts of New York State have long held that when the terms of a contract contradict the State's Statute, the statutory provisions will prevail. <u>Matter of Green [Levine]</u>, 37 N.Y.2d 554, 376 N.Y.S.2d 75, 338 N.E.2d 594 (1975); See <u>Claim of Desmarais</u>, 234 A.D.2d 839, 651 N.Y.S.2d 243 (3rd Dept. 1996).

In <u>Claim of Desmarais</u>, claimant who was employed as a marine engineer on a merchant vessel refused an offer of employment and opted to take a paid vacation after which he planned to receive unemployment insurance benefits. The Workers' Compensation Board determined that the claimant was disqualified from receiving those benefits on the grounds that he had voluntarily left his employment without good cause. Claimant argued that the contract between his union and the employer stipulated that employees could decline employment without penalty. The Court found that this provision was not dispositive of the issue of whether one is disqualified

from receiving unemployment insurance benefits as the Workers' Compensation Statute permitted the Board to make the determination that it did. In so holding, the Court in <u>Claim of Desmarais</u> cited the long-held axiom that "public policy dictates that when the terms of a contract contradict a State Statute, the statutory provisions will prevail." Citing, <u>Matter of Green [Levine]</u>. (citation omitted). <u>Id</u>. at 244.

Conversely, a contract which seeks to impinge upon a statutory right will be given no effect. <u>See</u>, <u>Matter of Green [Levine]</u>, <u>supra</u>. In <u>Matter of Green [Levine]</u>, the Court refused to deny Richard Green his unemployment compensation despite a provision of the collective bargaining agreement. In the collective bargaining agreement, the right to receive compensation was based upon the acceptance of alternative employment. The Court found that this imposition of a condition upon the receipt of unemployment benefits necessarily imported a waiver of benefits in the event that the condition was not fulfilled. The Court found that this waiver of employment compensation benefits contradicted public policy and the terms of the statute, and therefore refused to give it any effect. <u>Id</u>. at 77-78.

Hereto, the applicable Workers' Compensation Statute must be given complete effect in accordance with its public policy rationale. Jean-Paul Fouchecourt, as a "covered employee" was entitled to workers' compensation benefits as result of his alleged accident.

Mr. Fouchecourt cannot rely on any "independent contractor" status as a guise for maintaining an action against The Met. The legislative intent behind the workers' compensation statute was to consider <u>all</u> performing artists (including the plaintiff) as "covered persons" for the purpose of workers' compensation, so long as they were not "stipulated" to be employees of another. Nowhere in **Exhibit "A,"** the performance contract, is Mr. Fouchecourt stipulated to be

an employee of another. Furthermore, public policy considerations and the rationale behind the statute dictates that compensation benefits take precedence over any direct action or claim.

## CONCLUSION

**WHEREFORE**, for all the reasons set forth above, it is respectfully requested that The Metropolitan Opera Association, Inc.'s Motion to Dismiss plaintiff's Complaint, pursuant to Fed.R.Civ.P. 12(b)(6) should be granted in its entirety and for such other and further relief as this Court deems both just and proper.

Dated: New York, New York
      October 19, 2007

By:

MELITO & ADOLFSEN P.C.

Abe M. Rychik, Esq. (8618)
Andrew N. Fluger, Esq. (4246)
*Attorneys for Defendant*
*Metropolitan Opera Association, Inc.*
233 Broadway - 28th Floor
New York, New York 10279
(212)238-8900

TO:    Gerard A. Connolly, Jr., Esq.
        Budin, Resiman, Kupferberg & Bernstein, LLP
        *Attorneys for Plaintiff*
        112 Madison Avenue
        New York, New York 10016

        Michael Troisi, Esq.
        Rifkin Radler, LLP
        *Attorneys for Defendant Hartford Fire Insurance Company*
        926 RexCorp Plaza
        Uniondale, New York 11556-0926

59143