UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JEAN-PAUL FOUCHECOURT,                                    Civ No.: 07 CIV 3778 (DC)

                                Plaintiff,

        -against-


METROPOLITAN OPERA ASSOCIATION, INC.,
FRANCO ZEFFIRELLI and HARTFORD FIRE
INSURANCE COMPANY,
                                Defendants.
--------------------------------------------------------------------------X


MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER
SUPPORT OF METROPOLITAN OPERA ASSOCIATION, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT


                                        Katz & Rychik P.C.
                                        116 John Street, 7th Floor
                                        New York, NY  10038
                                        (212) 766-4700



Abe M. Rychik, Esq.
Andrew N. Fluger, Esq.
Of Counsel

1

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**…………………………………….…....3

**STATEMENT OF MATERIAL FACTS**………………………………..…..3

**POINT I**
**PLAINTIFF DOES NOT DISPUTE**
**THAT HE IS ENGAGED IN THE PERFORMING**
**ARTS AND IS NOT "STIPULATED TO BE AN**
**EMPLOYEE OF ANOTHER"**……………………………………………...4

**POINT II**
**PLAINTIFF'S INTERPRETATION OF THE STATUTE**
**RUNS AFOUL OF ITS CONSTRUCTION AND**
**LEGISLATIVE INTENT**………………………………………………...5

**POINT III**
**WHETHER PLAINTIFF IS AN "INDEPENDENT**
**CONTRACTOR" OR "SELF-EMPLOYED PERFORMER"**
**IS IRRELEVANT TO A PROPER INTERPRETATION**
**OF THE STATUTE**……………………………………………………...6

**CONCLUSION**………………………………………………………11

## PRELIMINARY STATEMENT[1]

Defendant Metropolitan Opera Association, Inc. ("The Met") respectfully submits this Memorandum of Law in Reply to plaintiff's Memorandum of Law in opposition to and in further support of The Met's Motion to Dismiss plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

As is set forth more fully in The Met's initial Memorandum of Law, plaintiff Jean-Paul Fouchecourt's action against The Met should be dismissed as he is a "covered person" under New York State's Workers' Compensation Law, has received and continues to receive workers' compensation benefits and therefore cannot maintain a claim against his employer. Plaintiff has failed to offer any proof in admissible form to contradict these undeniable facts.

Rather, plaintiff's counsel attempts to hide behind the erroneous belief that since Mr. Fouchecourt was an independent contractor, he would not be considered a "covered employee" under §2 of the Workers' Compensation Law. This is incorrect. As Mr. Fouchecourt was not "stipulated to be an employee of another" under §2 of the Workers' Compensation Law, he is a "covered person" under the statute. The Met therefore, in compliance with its obligations under the Workers' Compensation Law, was required to file a workers' compensation claim on behalf of Mr. Fouchecourt. Having filed that claim, it cannot now be sued for its compliance with the law.[2]

## STATEMENT OF MATERIAL FACTS

According to §2, Paragraph 4 of the New York State Workers' Compensation Law (paraphrased by The Met in its initial Memorandum of Law):

---

[1] Attached is a consent to change attorney form duly executed by the Metropolitan Opera Association, Inc. substituting Katz & Rychik, P.C. in place of Melito & Adolfsen, P.C.

[2] This defendant will not address plaintiff's injuries although a discussion of such is replete through plaintiff's opposition brief. As this Court will acknowledge, plaintiff's injuries and any monetary awards, including those for loss of use and future loss of income will be addressed in the workers' compensation forum.

3

"'Employee' shall also mean, for purposes of this chapter, a professional musician or a person otherwise engaged in the performing arts who performs services as such for a television or radio station or network, a film production, a theatre, hotel, restaurant, night club or similar establishment unless, by written contract, such musician or person is stipulated to be an employee of another employer covered by this chapter. 'Engaged in the performing arts' shall mean performing service in connection with the production of or performance in any artistic endeavor which requires artistic or technical skill or expertise."

This Section was amended in 1986 to extend workers' compensation coverage to musicians and performing artists, such as Mr. Fouchecourt, so long as they were not "stipulated to be an employee of another employer covered by this chapter" (See **Exh. "E"** of the Rychik Affidavit). Plaintiff's counsel in his Memorandum of Law in Opposition does <u>not</u> disagree with The Met's paraphrased portion of the above statute, nor does plaintiff dispute the fact that he was, at the time of his accident, <u>not</u> stipulated to be an employee of another.

## POINT I

### PLAINTIFF DOES NOT DISPUTE THAT HE IS ENGAGED IN THE PERFORMING ARTS AND IS NOT <u>"STIPULATED TO BE AN EMPLOYEE OF ANOTHER"</u>

As set forth above, Section 2 of the New York State Workers' Compensation Law was amended in 1986 to extend workers' compensation coverage to musicians and performing artists such as Mr. Fouchecourt (See The Governor's Bill Jacket annexed as **Exh. "E"** to the Rychik Affidavit). The express purpose of the amendment ("the amendment" herein) was to "amend the labor law and the workers' compensation law, in relation to musicians and artists, qualified real estate agents and coverage of owners and operators of taxicabs" (<u>Id</u> at P. 3), as plaintiff herein.

As is more fully set forth in The Met's initial Memorandum of Law, the purpose of the amendment to §2 was to provide workers' compensation protection to all performing artists such as the plaintiff Jean-Paul Fouchecourt. Since Mr. Fouchecourt was a performing artist (a singer)

4

for The Met at the time of his alleged accident and was <u>not</u> "stipulated to be an employee of another" (**Exh. "A"**) he is a "covered person" under §2 of the New York State Workers' Compensation Law.

## POINT II

## PLAINTIFF'S ADVOCATED INTERPRETATION OF THE STATUTE RUNS AFOUL OF ITS CONSTRUCTION AND LEGISLATIVE INTENT

In his opposition, plaintiff fails to provide any evidence to dispute his covered status and advocates for a rule of construction that makes the amendment meaningless.

Certainly, all employees in New York State who sustain an accident on the job are covered under the Workers' Compensation statute. The amendment's revision to what was previously the law, is that these special types of individuals who are not ordinarily covered by the Workers' Compensation statute are compelled to be covered employees even though they are not employees of the party. These special performing artist individuals are entitled to workers' compensation benefits as covered employees under the statute.

Whether plaintiff is an "independent contractor", "self-employed", or some other status of non-traditional employee, due to his status as a performance artist who sustained an on the job accident, plaintiff is a "covered employee" for the purposes of the statute and entitled to its protection. "Engaged in the performing arts" is defined by the statute as "performing service in connection with the production of or performance in any artistic endeavor which requires artistic or technical skill or expertise" (<u>Id.</u> At §2, ¶4). Clearly, plaintiff falls squarely within this category.

Plaintiff's Affidavits do not rise to the level of raising any factual issues so as to warrant denial of defendant's motion to dismiss. They do not deny plaintiff's performance status nor do they dispute that the contract under which plaintiff was working at the time of his alleged

occurrence did not stipulate him to be "an employee of another employer covered by this chapter."

As evidenced by the Governor's Bill Jacket outlining the amendment to the Workers' Compensation Section, which provides its legislative history and intent, the amendment for "performance artists" makes them covered employees under the statute despite their employee status, as long as they are not "stipulated to be an employee of another employer covered by this chapter."

The statute was intended to cover exactly the type of activity and person of the plaintiff. Any other interpretation, including the interpretation posited by plaintiff's counsel would make the amendment to the statute meaningless.

### POINT III

### WHETHER PLAINTIFF IS AN "INDEPENDENT CONTRACTOR" OR "SELF-EMPLOYED PERFORMER" IS IRRELEVANT TO A PROPER INTERPRETATION OF THE STATUTE

Plaintiff's counsel argues that since his client was "self employed" he falls within the earlier definition of a "non-employee."[3] This would be true if plaintiff were not "engaged in the performing arts" at the time of his alleged on-the-job injury. As set forth above and in the legislative history proffered by the defendant, the entire rationale for the amendment was to cover those performance artists who were not "traditional employees." Of course, traditional employees would be covered by the Workers' Compensation statute if they sustained an on-the-job injury (See §§2 and 29(6) of the Workers' Compensation Law).

The cases cited by plaintiff in his Memorandum of Law in Opposition focus on one's "independent contractor status." In addition to that fact, since those cases do not deal with the

---

[3] Plaintiff provides no evidence in admissible form in opposition to defendant's motion to dismiss to substantiate his "self-employment" status. Plaintiff admits that he was paid "per performance." Still, even as "self-employed" he was controlled, directed and supervised by The Met's staff.

6

Workers' Compensation Law or its interpretation, they are irrelevant. The important focus of the amendment to the statute is: (1) the fact that plaintiff sustained his injury as a performance artist and (2) that his written contract does not "stipulate him to be an employee of another employer covered by this chapter." Plaintiff meets the criteria of both categories and as such falls squarely within the amendment.

Plaintiff relies upon the case of Pilates, Inc. v. Current Concepts, Inc. 120 F.Supp2d 286 (S.D.N.Y. 2000) in arguing that "a dancer was considered an independent contractor" (Id.). However, nowhere in that decision is any portion of the Workers' Compensation Law discussed. Pilates is not applicable to the facts of the instant case.

Similarly, Matter of Di Carlo Inc., 234 A.D.2d 802, 651 N.Y.S.2d 248 (3rd Dept. 1996), another case cited by plaintiff's counsel is also not applicable to the facts of this case. Again, in Matter of Di Carlo Inc., there is no discussion whatsoever of any portion of the New York State Workers' Compensation Law. Rather, the case involved the apportionment of unemployment contributions under the Unemployment Insurance Law, having nothing to do with the New York State Workers' Compensation Law. The case does not discuss the amendment for performing artists.

Plaintiff also cited the case of Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG, 160 F.Supp2d 722 (S.D.N.Y. 2001). Once again, a review of the decision in the Jacobs reveals no discussion of the New York State Workers' Compensation Law. Rather, the case focuses on the issue of whether the defendants were "transacting business" in New York so as to allow for personal jurisdiction to be asserted over them.

Furthermore, in his opposition brief, plaintiff spends a great deal of time, albeit unnecessarily, citing cases which purport to establish the standard for considering someone an

7

"independent contractor." However, as indicated above, the cases cited by plaintiff are in no way analogous to the facts of this matter as none of those cases even discuss the New York State Workers' Compensation Law.

In Cubby, Inc. v. CompuServe, Inc., 776 F.Supp 135 (S.D.N.Y. 1991), the plaintiff had brought an action against the defendants for libel, business disparagement, and unfair competition, based on allegedly defamatory statements made in a publication carried on defendant's database. Not only was there no discussion of the Workers' Compensation Law in Cubby, but the theory of negligence was not even addressed.

Similarly, Frankel v. Bally, Inc., 987 F.2d 86 (2d Cir. 1993) (another case relied on by plaintiff) is also not applicable to the case at bar. In Frankel, plaintiff brought a cause of action against the defendant alleging age discrimination in violation of the Age Discrimination in Employment Act. Plaintiff did not allege common law negligence as a cause of action. In Frankel, there was no discussion regarding the New York State Workers' Compensation Law when addressing plaintiff's alleged "independent contractor" status.

Also, plaintiff cites the case of Hilton Int'l Co. v. NLRB 690 F.2d 318 (2d Cir. 1982) which held that musicians in steady-engagement bands at hotels were not hotel employees, but rather, employees of their band leaders, who were independent contractors. It is respectfully pointed out that Hilton is not applicable to this case. First, Hilton was decided before §2 of the Workers' Compensation Law was amended in 1986. Second, the issue in Hilton was whether the hotel failed to bargain collectively with the union in accordance with the National Labor Relations Act. Finally, plaintiff's cause of action in Hilton was not based on common law negligence nor was any provision of the New York State Workers' Compensation Law even discussed by the Court.

8

In <u>Keller v. Niskayuna Consol. Fire Dist.1</u>, 51 F.Supp.2d 223 (N.D.N.Y. 1999), the plaintiff commenced an action against the defendants based upon sex discrimination in violation of Title VII of the Civil Rights Act of 1964. There was no allegation brought by the plaintiff based on common law negligence. Further, there was <u>no</u> discussion by the Court with respect to the New York State Workers' Compensation Law. <u>Keller</u> too is not applicable to the present case.

Plaintiff also goes onto cite the case of <u>Eisenberg v. Advance Relocation & Storage, Inc.</u>, 237 F.3d 111 (2d Cir. 2000), which is also not applicable to the instant case. In <u>Eisenberg</u>, plaintiff commenced an action under Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law seeking redress for termination of her employment by her employers. Plaintiff alleged that she was fired from her job because she made complaints regarding the fact that she was subjected to sexual harassment. The issue in <u>Eisenberg</u> was whether plaintiff could be considered an employee under Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law. Not only was the plaintiff in <u>Eisenberg</u> <u>not</u> a performance artist or a "covered person" within the meaning of §2 of the Workers' Compensation Law, but the Court <u>never</u> even discussed that provision of the Workers' Compensation Law in its decision. As such, plaintiff wrongfully relies upon the holding in <u>Eisenberg</u>.

Finally, plaintiff cites to the case of <u>Aymes v. Bonelli</u>, 980 F.2d 857 (2d Cir. 1992). However, <u>Aymes</u> is also not applicable to the instant matter. In <u>Aymes</u>, the plaintiff commenced a cause of action against the defendants based upon copyright infringement in violation of the Copyright Act of 1976. Unlike Mr. Fouchecourt, the plaintiff in <u>Aymes</u> did not allege common law in his cause of action. Furthermore, there was no discussion any place in the <u>Aymes</u> decision of the applicability of the New York State Workers' Compensation Law.

Plaintiff has failed to provide any case law to support his contention that courts "continued to find performance artists to be independent contractors and not employees" (See plaintiff's opposition brief, P. 7). Rather, the law in New York State is clear, the purpose of the amendment to §2 was to provide workers' compensation protection to all performing artists, such as the plaintiff Jean-Paul Fouchecourt so long as they were not "stipulated to be an employee of another." As plaintiff must admit, nowhere in the performance contract (See **Exh. "A"** of the Rychik Affidavit) does it indicate that Mr. Fouchecourt is an employee of another employer covered by the statute. The contract does not even indicate that the plaintiff retained "self employment" status.

Thus, aside from his own self-serving statements that he was not a "covered person" pursuant to the New York State Workers' Compensation Law, plaintiff has not provided any evidence to support his theory. Plaintiff in his own Affidavit admits the fact that while he was working at The Met, he was under the supervision of individuals who were contracted to work for The Met. (See¶14 of **Exh. "C"** of plaintiff's Memorandum of Law in Opposition). Finally, plaintiff himself has admitted that his medical bills were paid by workers' compensation (See plaintiff's Memorandum of Law in Opposition, P. 8).

Accordingly, it is apparent that based on the above facts and statutory law, Mr. Fouchecourt was a "covered person" under Section 2 of the New York State Workers' Compensation Law. Therefore The Met was obligated under the law to provide coverage for Mr. Fouchecourt and it did as such. The Met cannot now be sued by plaintiff, a covered person under the amendment to the statute. Plaintiff's Complaint against The Met must be dismissed as a matter of law.

10

Mr. Fouchecourt cannot rely on any "independent contractor" status as a guise for maintaining an action against The Met. The legislative intent behind the workers' compensation statute was to consider <u>all</u> performing artists (including the plaintiff) as "covered persons" for the purpose of workers' compensation, so long as they were not "stipulated to be an employee of another."

Plaintiff's counsel fails to provide one iota of proof that Mr. Fouchecourt was "an employee of another." Plaintiff's counsel conveniently states that Mr. Fouchecourt was "self employed" as a desperate attempt to find a way around the Workers' Compensation Law. However, no such exception or "carve-out" is available to him. Further, public policy considerations and the rationale behind the statute itself dictates that compensation benefits take precedence over any direct action or claim of this plaintiff.

## CONCLUSION

For the reasons set forth herein and in the Defendant's Motion to Dismiss, supporting memoranda of law and the exhibits annexed thereto, plaintiff's Complaint must be dismissed as a matter of law.

Dated: New York, New York
        December 14, 2007

By:                     KATZ & RYCHIK, P.C.

        _____
        Abe M. Rychik, Esq. (8618)
        Andrew N. Fluger, Esq. (4246)
        *Attorneys for Defendant*
        *Metropolitan Opera Association, Inc.*
        116 John Street, 7th Floor
        New York, New York 10038

11

TO:   Gerard A. Connolly, Jr., Esq.
       Budin, Resiman, Kupferberg & Bernstein, LLP
       *Attorneys for Plaintiff*
       112 Madison Avenue
       New York, New York 10016